# HARBOR CITY
# DIGITAL MARKETING ARBITRAGE
# FUNDING AGREEMENT

**$153,760**                                                    Issuance May 14, 2018
                                                                Las Vegas, Nevada

On or before May 16, 2020, for value received, the undersigned HARBOR CITY VENTURES, LLC (the "**Borrower**") promises to pay to the order of RON SCHERZINGER (the "**Holder**"), in the manner and at the place provided below, the principal sum of $153,750. Principal amount of loan is the total of previous $100,000 loan, plus earned interest of $53,750, fully carried forward into this loan.

1. **PAYMENT.**

All payments of principal and interest under this note will be made in lawful money of the United States of America, in same day funds, without offset, deduction, or counterclaim, at Wire Transfer (or address), or at such other place as the Holder may designate in writing from time to time.

2. **INTEREST PAYMENTS.**

Quarterly interest-only payments of 4.5% ($6,919) will be payable each quarter. First payment is due on or around July 15, 2018, with each subsequent payment due on or around the 15th day of the month following the close of the previous calendar year quarter. Acceptance by the Holder of any payment differing from the designated installment payment listed above does not relieve the Borrower of the obligation to honor the requirements of this note.

3. **PREPAYMENT.**

The Borrower may prepay this note, in whole or in part, at any time before maturity without penalty or premium. Any partial prepayment will be credited first to prorated and accrued interest, then to principal. No prepayment extends or postpones the maturity date of this note.

4. **EVENTS OF DEFAULT.**

Each of the following constitutes an "**Event of Default**" under this note: (i) the Borrower's failure to make any payment when due under the terms of this note, including the final payment due under this note when fully amortized; (ii) the filing of any voluntary or involuntary petition in bankruptcy by or regarding the Borrower or the initiation of any proceeding under bankruptcy or insolvency laws against the Borrower; (iii) an assignment made by the Borrower for the benefit of creditors; or (iv) the

appointment of a receiver, custodian, trustee, or similar party to take possession of the Borrower's assets or property.

**5. ACCELERATION; REMEDIES ON DEFAULT.**

If any Event of Default occurs, all principal and other amounts owed under this note will become immediately due and payable without any action by the Holder, the Borrower, or any other person. The Holder, in addition to any rights and remedies available to the Holder under this note, may, in his sole discretion, pursue any legal or equitable remedies available to him under applicable law or in equity.

**6. WAIVER OF PRESENTMENT; DEMAND.**

The Borrower hereby waives presentment, demand, notice of dishonor, notice of default or delinquency, notice of protest and nonpayment, notice of costs, expenses or losses and interest on those, notice of interest on interest and late charges, and diligence in taking any action to collect any sums owing under this note, including (to the extent permitted by law) waiving the pleading of any statute of limitations as a defense to any demand against the undersigned. Acceptance by the Holder or any other holder of this note of any payment differing from the designated payments listed above does not relieve the undersigned of the obligation to honor the requirements of this note.

**7. GOVERNING LAW.**

- **(a) Choice of Law.** The laws of the state of Florida govern this note (without giving effect to its conflicts of law principles).

- **(b) Choice of Forum.** Both parties consent to the personal jurisdiction of the state and federal courts in Brevard County, Florida.

**8. COLLECTION COSTS AND ATTORNEYS' FEES.**

The Borrower shall pay all costs and expenses of the collection of indebtedness evidenced by this note, including reasonable attorneys' fees and court costs in addition to other amounts due, without protest.

**9. ASSIGNMENT AND DELEGATION.**

- **(a) No Assignment.** The Borrower may not assign any of its rights under this note. All voluntary assignments of rights are limited by this subsection.

- **(b) No Delegation.** The Borrower may not delegate any performance under this note.

- **(c) Enforceability of an Assignment or Delegation.** If a purported assignment or purported delegation is made in violation of this section 11, it is void.

**10. SEVERABILITY.**

If any one or more of the provisions contained in this note is, for any reason, held to be invalid, illegal, or unenforceable in any respect, that invalidity, illegality, or unenforceability will not affect any other provisions of this note, but this note will be construed as if those invalid, illegal, or unenforceable provisions had never been contained in it, unless the deletion of those provisions would result in such a material change so as to cause completion of the transactions contemplated by this note to be unreasonable.

**11. NOTICES.**

  (a) **Writing; Permitted Delivery Methods.** Each party giving or making any notice, request, demand, or other communication required or permitted by this note shall give that notice in writing and use one of the following types of delivery, each of which is a writing for purposes of this note: personal delivery, mail (registered or certified mail, postage prepaid, return-receipt requested), nationally recognized overnight courier (fees prepaid), facsimile, or email.

  (b) **Addresses.** A party shall address notices under this section 13 to a party at the following addresses:

  If to the Borrower:
  JP Maroney, CEO
  Harbor City Ventures, LLC
  100 Rialto Place, Suite 700
  Melbourne, FL 32901
  Intl: 1-321-608-0605
  Toll Free: 1-888-528-4540
  jp@harborcity.com

  If to the Holder:
  Ron Scherzinger
  1900 Bainbridge Row
  Louisville, KY 40207
  Phone: 502-644-9003
  Email: rscherzinger@hotmail.com

  (c) **Effectiveness.** A notice is effective only if the party giving notice complies with subsections (a) and (b) and if the recipient receives the notice.

**12. WAIVER.**

No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this note will be effective unless it is in writing and signed by the party waiving the breach, failure, right, or remedy. No waiver of any breach,

failure, right, or remedy will be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, and no waiver will constitute a continuing waiver, unless the writing so specifies.

### 13. HEADINGS.

The descriptive headings of the sections and subsections of this note are for convenience only, and do not affect this note's construction or interpretation.

### 14. SPECIAL PROVISIONS

**ROLLOVER:** Unless Holder or Borrower notify the other party at least 30-days prior to maturity date of agreement, with intentions of finalizing payout of principal and interest, note shall roll over for another 2-year term, at same rate, with principal amount consisting of previous year principal and interest due (if any) combined.

**Maturity Payout:** If Holder decides to cash out note upon maturity, Borrower will issue payment of principal amount within four weeks following maturity date.

[SIGNATURE PAGE FOLLOWS]

Each party is signing this note on the date stated opposite that party's signature.

                                      HARBOR CITY VENTURES, LLC

Date: _____  By:_____
                                           Name: JP Maroney
                                           Title: CEO

                                         FOR HOLDER

Date: _____  By: _____

                                       Print Name: _____