

# VAKSMAN KHALFIN

THE FOLLOWING INFORMATION IS COMMUNICATED FOR PURPOSES OF SETTLEMENT ONLY PURSUANT TO FEDERAL RULE OF EVIDENCE 408 AND/OR NEVADA REVISED STATUTE 48.105 AND IS NOT TO BE USED FOR ANY OTHER PURPOSE. TO THE EXTENT THIS COMMUNICATION CONTAINS CONFIDENTIAL/CLIENT COMMUNICATIONS AS DEFINED IN NEVADA REVISED STATUTE 49.095, ET SEQ., IT IS SET FORTH FOR SETTLEMENT PURPOSES ONLY AND IS NOT A WAIVER AS TO THAT PRIVILEGE AS IT RELATES TO THIS MATERIAL.

May 16, 2019

**VIA EMAIL AND USPS MAIL**

JP Maroney, CEO
Harbor City Ventures, LLC
100 Rialto Place, Suite 700
Melbourne, FL 32901
jp@harborcity.com

Fortune DNA, Inc., Agent
452 E Silverado Ranch Blvd., Suite 520
Las Vegas, NV 89183

    Re:    ***Demand for Immediate Repayment of Debt***

Mr. Maroney:

My firm represents Mr. Ron Scherzinger ("Ron") in connection with outstanding debt obligation(s) owed to him by Harbor City Ventures, LLC ("Harbor").

As you are surely aware, pursuant to that certain *Harbor City Digital Marketing Arbitrage Funding Agreement*, dated March 21, 2016 ("First Agreement"), Ron provided Harbor with a cashier's check for one hundred thousand dollars ($100,000.00). Per the terms of the First Agreement, the principal and interest were due on or before March 28, 2017. No payments were made toward this obligation. Instead, pursuant to that certain *Harbor City Digital Marketing Arbitrage Funding Agreement*, dated May 14, 2018 (the "Second Agreement"), a new obligation was created for the principal amount of one hundred fifty-three thousand seven hundred fifty dollars ($153,750.00). The Second Agreement required quarterly "interest-only" payments of four and one-half percent

**CALIFORNIA | NEVADA | NEW YORK**
10161 Park Run Drive, Suite 150, Las Vegas, NV 89145  **Tel:** (877) 780-4727  **Fax:** (877) 888-3799
**Email** info@vaksman-khalfin.com | **Web** www.vaksman-khalfin.com

May 16, 2019
Page 2 of 3

(4.5%), beginning on July 15, 2018. No payments were made, which you confirmed in an email to Ron dated January 24, 2019. Further, despite multiple demands for repayment, and your promises to make a good faith payment toward the debt obligations, to date, no payment has been received.

A cursory review of Harbor's business practices reveals its modus operandi: a significant amount of brazen marketing seemingly used to lure unwitting investors. However, there is little substance about the "digital arbitrage" used to offer "double digit returns in a single digit economy". Indeed, such returns would make any Wall Street firm jealous, yet you market this as a "safe investment". Clearly, this is not true. And one can only wonder if sufficient risk disclosures were provided to Ron and/or other investors. It is also concerning that your "client-facing brand, Responzive.com" is nothing more than a shell website, which, among other things, indicates a San Francisco physical address that does not exist and a contact email (reservations@domains.com) that is a default address belonging to your web hosting company. Ultimately, it appears that you and Harbor are running a multi-level marketing ("MLM") scheme, rather than offering the "Alternative Investment of the Decade" as your marketing materials indicate. And even though MLM may not be per se illegal, it is certainly suspect.

Harbor's failure to make any payments towards its debt obligations constitutes an Event of Default under Section 5 of the Second Agreement. Per the Second Agreement, this has triggered the acceleration of repayment of all principal and interest for the entire two-year term, which totals two hundred thirty-six thousand four hundred six dollars ($236,406.00). Further, despite Ron's numerous attempts to resolve this matter directly, your continued breach has left Ron no choice but to engage legal counsel. Per Section 8 of the Second Agreement, he is entitled to reimbursement for his attorney's fees and eventual court costs.

Ron would prefer to avoid unnecessary litigation and resolve this matter amicably. **To that end, Ron will forgo attorney fees incurred to date if the entire $236,406.00 is received by this office by 5:00 P.M. PST on Friday, May 31st, 2019.** If we do not hear from you, or if you fail to render payment in full by such deadline, my client will commence legal action. We thus suggest that you take this matter no further.

Please be advised that you and Harbor are under a legal duty to maintain, preserve, retain, protect and not destroy any and all documents, writings, files, records, data, videos, photos, images, telephone logs, voicemails, social media posts, email communications, text messages and other electronic communications that may be relevant to our client's claims as set forth in this letter (collectively, "Evidence"). The foregoing notice applies to Evidence in both electronic and hard copy, and to your on- and off-site computer systems, wireless

May 16, 2019
Page 3 of 3

devices and removable electronic media. Your failure to preserve and retain the Evidence shall constitute spoliation of evidence which will subject you to legal claims for damages and/or evidentiary and monetary sanctions. You are hereby instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any of the Evidence, and to take reasonable efforts to preserve such Evidence.

Sincerely,

VAKSMAN KHALFIN, PC

_____
Robert Vaksman, Esq., LLM